UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| RICHARD EDWARDS, JR., | ) | |
| Petitioner, | ) | Civil Action No. 3: 11-52-DCR |
| V. | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Richard Edwards, Jr. is incarcerated at the United States Penitentiary in Leavenworth, Kansas. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking reduction of his sentence. [Record No. 1] The Court has conducted a preliminary review of Edwards' petition pursuant to 28 U.S.C. § 2243 and finds that the petition must be dismissed because it has been filed in the wrong district.

On November 9, 2007, Edwards was convicted in this Court of multiple charges of drug trafficking, being a felon in possession of a firearm, and threatening a witness. In light of his extensive criminal history and the Court's determination that his prior convictions qualified him as a career offender pursuant to 18 U.S.C. § 924(e), Edwards was sentenced to a cumulative 300-month term of incarceration. The United States Court of Appeals for the Sixth Circuit affirmed Edwards' conviction and sentence, and the Supreme Court denied his subsequent petition for a writ of certiorari. *See United States v. Edwards*, No. 3: 07-cr-15-KKC (E.D. Ky.).

In his present petition, Edwards alleges that "18:924(e) is no longer applicable because his prior state convictions had since been expired and civil rights were restored." [Record No. 1, p. 1] He also appears to contend that this Court incorrectly applied the sentencing enhancement required by 18 U.S.C. § 924(a)(2). [*See id.*, p. 2] Finally, Edwards "moves said court wh[ich] imposed the sentence to vacate, set-aside or correct his sentence as a matter of law." [*Id.*]

To the extent Edwards wishes to pursue relief through a petition for a writ of habeas corpus under § 2241, he has filed his petition in the wrong court. The only proper respondent to a petition for a writ of habeas corpus is the person with immediate custody of the person detained, typically the warden of the facility where the petitioner is confined. 28 U.S.C. § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Because this Court lacks jurisdiction over a warden located in a distant forum, the proper place to file such a petition is the federal district court where the warden resides. *See Padilla*, 542 U.S. at 442-44.

While Edwards specifically refers to § 2241 as the basis for the relief he seeks, he also "moves said court wh[ich] imposed the sentence to vacate, set-aside or correct his sentence." [Record No. 1, p. 2] This language closely tracks the wording found in 28 U.S.C. § 2255(a), which permits a motion seeking such relief. If Edwards wishes to pursue relief under § 2255, he must file a separate motion clearly stating his intention to invoke that statute. Such a motion should not be filed in this case, but instead should be filed in Edwards' criminal case in a motion bearing the appropriate caption for that action, *United States v. Edwards*, No. 3:07-cr-15-KKC (E.D. Ky.). Accordingly, it is hereby

**ORDERED** that Edwards' Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DISMISSED**, without prejudice. This action shall be stricken from the Court's docket.

This 25th day of August, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge